UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  )
                          )
          v.              )          **Criminal No. 04-261**
                          )
**JULIUS RAMONE BLAIR**         )

<u>**MEMORANDUM OPINION**</u>

**January 14, 2006**

> **I.      Introduction.**

Defendant is charged with possession with intent to deliver more than five

grams of crack cocaine on August 15, 2003 (Count One), possession of a firearm

in furtherance of that drug trafficking crime (Count Two), and with giving a false

statement in connection with a firearms purchase form (regarding a different

firearm) on June 14, 2003 (Count Three).  Before the Court are defendant's motion

to sever Count Three from the first two counts of the indictment, and his motion to

suppress physical evidence seized from his New Kensington, Pennsylvania

apartment on August 15, 2003, and a statement he made to agents of the Bureau of

Alcohol, Tobacco and Firearms on July 7, 2003, wherein he admitted that he had

purchased a Glock 9mm pistol for another unidentified individual.  For the reasons

to follow, after careful consideration of defendant's suppression motion and the

government's response, the memoranda of law in support of and opposition to

suppression, the respective proposed findings of fact and conclusions of law, and the testimony of the suppression hearing on September 15, 2005, the Court will deny the motion to suppress, and grant the motion to sever Count Three of the indictment.

**II.     Motion to Suppress**.

**A.     Statement of July 7, 2003.**

The Court quite agrees with the government that defendant was not in custody at the time he made statements to ATF agents at his residence.  The United States Court of Appeals for the Third Circuit recently summarized the test for determining whether a person is in custody for *Miranda* purposes as follows:

> If *Miranda* warnings are not given before a person "in custody" is questioned, evidence resulting from the questioning must be suppressed.  *Miranda*, 384 U.S. at 444-45, 86 S.Ct. 1602. An individual is in custody when he or she has been "deprived of his [or her] freedom of action in any significant way." *Id.* at 444, 86 S.Ct. 1602; *see also United States v. Leese*, 176 F.3d 740, 743 (3d Cir. 1999). In *Yarborough v. Alvarado*, 541 U.S. 652, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004), the Supreme Court gave the following description of the *Miranda* custody test:
>
> > Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt that he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the

> players' lines and actions are reconstructed, the court
> must apply an objective test to resolve the ultimate
> inquiry: was there a . . . restraint on freedom of
> movement of the degree associated with a formal
> arrest.
>
> *Id*. at 663, 124 S.Ct. 2140 (*quoting Keohane*, 516 U.S. at
> 112, 116 S.Ct. 457) (emphases added) (quotation marks
> omitted). In this context, there are at least three differently
> worded tests for when a person is in custody: (1) when the
> person has been deprived of her or his freedom in some
> significant way; (2) when a reasonable person would
> perceive that she or he was not at liberty to terminate the
> interrogation and leave; and (3) when there is a restraint on
> the person's freedom of movement of the degree associated
> with a formal arrest. More clear is that the determination of
> custody is an objective inquiry (that is, what a reasonable
> person would believe) based on the circumstances of the
> interrogation. *Leese*, 176 F.3d at 743.

*United States v. Jacobs*, 431 F.3d 99, 104-105 (3d Cir. 2005) (footnote omitted).

When ATF agent Robert Landis interviewed defendant at his residence on

July 7, 2003, he told defendant that he was not under arrest and would not be

arrested, that he did not have to answer any questions, and that the agents would

leave if defendant wanted them to.  Defendant did not request the agents to leave

and he chose to answer their questions, and admitted he purchased the Glock 9mm

as a straw purchaser for another person who he would not identify.

Under all of the circumstances, defendant was not deprived of his freedom

in any significant way, no reasonable person would perceive that he was not at

3

liberty to terminate the interrogation and leave, and there was no restraint on defendant's freedom of movement. Defendant wisely has decided "not to present findings and conclusions regarding the Fifth Amendment issues raised concerning Mr. Blair's statements." Defendants' Proposed Findings and Conclusions at 1, n.1. The Court finds defendant was not in custody when he rendered statements to ATF agents on July 7, 2003 and that his statements were voluntary, and therefore the motion to suppress this statement will be denied.

**B.      Motion to Suppress - Evidence Seized on August 15, 2003**

New Kensington police officers obtained a search warrant on August 13, 2003 to search defendant's residence at 102 Catalpa Street in New Kensington. The affiant was Detective Ronald Zellers; the district justice who authorized the search was Frank J. Pallone.

The affidavit of probable cause sets forth the information Detective Zellers believed, and the district justice agreed, supplied probable cause to believe that defendant was dealing crack cocaine from his apartment in New Kensington and that the items listed in the search warrant would be found. That information includes Detective Zellers' personal surveillance of 102 Catalpa Street following complaints from citizens he received about crack dealing at that location, and information supplied by four confidential informants Detective Zellers knew to be

4

reliable who recently purchased crack cocaine from defendant at that residence and/ or used it there as well.  One of the informants observed guns in the residence; that informant and the others observed scales, quantities of crack cocaine, exterior mounted cameras, and currency.  The fourth informant conducted a controlled buy, which yielded a quantity of crack cocaine.

The search warrant listed 12 categories of items to be seized.  Defendant concedes that the affidavit in support of the warrant provided probable cause for six of the twelve categories and items seized in those categories, namely: books and papers relating to drug dealing, or to proceeds of illicit drug dealing; currency and other assets indicating proceeds of drug dealing; indicia of occupancy; controlled substances and paraphernalia; and receipts indicative of drug proceeds. The government concedes that it will return, and does not intend to use against defendant, a police scanner, exterior camera and related hardware, computer equipment, or a television set, all of which were seized pursuant to the warrant, and the motion to suppress these items is therefore moot.

Thus, the items actually at issue in defendant's suppression motion are cellular phones, address/ telephone books, the firearm, ammunition and gun cases, purses of loose change and a box of baking soda, which defendant asserts either were not covered by the search warrant or there was no probable cause set forth in

the affidavit to support seizure of these items.

Defendant argues that the search warrant was overbroad because there was no probable cause set forth in the affidavit specifically indicating that these items would be present at 102 Catalpa Street, relying on *United States v. Christine*, 687 F.2d 749, 752 (3d Cir.1982). This reliance is misplaced, as the warrant was not overbroad, under all of the circumstances.

The Fourth Amendment requires that search warrants particularly describe the place to be searched, and the persons or things to be seized. *Maryland v. Garrison*, 480 U.S. 79 (1987). A warrant particularly describes the place to be searched "if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *United States v. Bedford*, 519 F.2d 650, 655 (3d Cir. 1975). "The particularity requirement 'makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Christine*, 687 F.2d at 752, *quoting Marron v. United States*, 275 U.S. 192, 196 (1927).

Recently, the United States Court of Appeals for the Third Circuit explained:

> We have contrasted a "general warrant" with a warrant that is simply overly broad. An overly broad warrant "describe[s] in both specific and inclusive generic terms what is to be seized," but it authorizes the seizure of items as to which there is no probable cause. *Christine*, 687 F.2d at 753-54. An overly broad warrant, however, can be cured by redaction, that is, by "striking from [the] warrant those severable phrases and clauses that are invalid for lack of probable cause or generality and preserving those severable phrases and clauses that satisfy the Fourth Amendment." *Id.* at 754. Evidence seized pursuant to an overly broad warrant need not be suppressed if the good faith exception applies.

*United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars*, 307 F.3d 137, 149 (3d Cir 2002).

The good faith exception noted is, of course, the exception to the exclusionary rule that the Supreme Court of the United States recognized in *United States v. Leon*, 468 U.S. 897 (1984) and its companion case, *Massachusetts v. Sheppard*, 468 U.S. 981 (1984).  *Sheppard* held that the *Leon* exception to the exclusionary rule applies where executing officers reasonably believe that a search is authorized by a warrant that is too broad

These standards are to be interpreted in a "commonsense and realistic fashion," *Christine, supra*, at 760, *quoting United States v. Ventresca*, 380 U.S.

102, 108 (1965). The Court must engage in a pragmatic analysis which appraises the amount of detail needed in the light of the totality of the circumstances surrounding the seizure and the nature of the goods to be seized.  *United States v. Johnson*, 541 F.2d 1311, 1314 (8th Cir. 1976).

Viewed in light of the foregoing, with the possible exception of the loose change, the challenged items were described by the search warrant with sufficient particularity to circumscribe the police officers' discretion, and there was probable cause to support the categories of items seized. An informant indicated there were firearms present, which certainly supported the search for and seizure of the firearm, ammunition and two gun cases.  The cellular phones, address/ telephone books, and baking soda are all items commonly and routinely associated with crack cocaine dealing and use, and it was reasonable for Detective Zellers to include and the issuing authority to authorize the search for such items.

As to the loose change, assuming this was not encompassed by the category described in the warrant for "United States currency . . . indicative of illegal drug trafficking," the officers were acting in good faith in believing the change fit that description.

Accordingly, the motion to suppress physical evidence will be denied.

8

### III.   Motion to Sever

Defendant moves to sever Count Three from the other counts of the

indictment pursuant to Fed.R.Crim.P. 8, which provides:

> (a) Joinder of Offenses. The indictment or
> information may charge a defendant in separate counts with
> 2 or more offenses if the offenses charged -- whether
> felonies or misdemeanors or both -- are of the same or
> similar character, or are based on the same act or
> transaction, or are connected with or constitute parts of a
> common scheme or plan.

The government's omnibus response to defendant's motions sets forth the

law with regard to joinder and severance of counts, but does not really stake out a

position or specify how Count Three may be of the same or similar character,

based on the same act or transaction, or connected with or constitute parts of a

common scheme or plan, and such a connection is not apparent from the

indictment or on the record.  The indictment does not demonstrate the requisite

"transactional nexus" between Count One and the other offenses.  *See United

States v. Eufrasio*,  935 F.2d 533, 570 n.2 (3d Cir. 1991).  Moreover, the Court

perceives substantial prejudice to defendant if he is tried on the completely

unrelated gun charge at Count Three with the drug dealing and firearms use

charges at Counts One and Two.

Accordingly, this motion to sever will be granted.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to suppress

(Document No. 20) is **DENIED**.  **IT IS FURTHER ORDERED** that defendant's

motion to sever (Document No. 18) is **GRANTED** and Count Three will be

severed from Counts One and Two of the indictment.


<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below

Almon S. Burke, Jr., Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

W. Penn Hackney, Esquire
Federal Public Defender's Office
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222-3716

United States Marshal's Office
United States Probation Office